TJOFLAT, Circuit Judge,
Concurring:
I join the panel’s opinion in full. I write separately to address the purportedly untenable infirmities of Intervest Construction, Inc. v. Canterbury Estate Homes, Inc., 554 F.3d 914 (11th Cir. 2008) — which I agree compels our decision today — that Judge Rosenbaum identifies. Specifically, I *1334 deny that our decision in Intervest either requires or suggests an impermissibly broad role for judges at the expense of the jury right secured by the Seventh Amendment [1] in cases alleging copyright infringement of architectural works.
As an initial matter, Intervest in no way “holds that judges are necessarily better able than juries to resolve whether the ‘average lay observer’ would find ‘substantial similarity’ between two architectural works.” Ante at 1315 (Rosenbaum, J., concurring) (emphasis added); cf. Edwards v. Prime, Inc., 602 F.3d 1276, 1298 (11th Cir. 2010) (“We have pointed out many times that regardless of what a court says in its opinion, the decision can hold nothing beyond the facts of -that case. ... And dicta is not binding on anyone for any purpose.” (citations omitted)). What Intervest suggests (and rightfully so), however, is that claims of copyright infringement are “often more reliably and accurately resolved in a summary judgment proceeding” when the “crucial question” requires assessing “substantial similarity at the level of pro-tectable expression” over types of works warranting only “ ‘thin’ ” protection, like architectural works. See 554 F.3d at 919 (quoting Feist Publ’ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 349, 111 S.Ct. 1282, 1289, 113 L.Ed.2d 358 (1991)). Far from warranting reconsideration from this Court sitting en banc, that notion is both commonsensical and utterly unremarkable. Nothing in Intervest strips from juries their historically and constitutionally critical responsibility to -make factual determinations. Rather, Intervest simply recognizes that when there are more legal " determinations to be made relative to factual ones, judges will have relatively more to do. The role to be played by judges— who are, of course, responsible for delineating these legal boundaries — will necessarily be greater at summary judgment in cases in which the scope of the protectable expression is “thin” because “the ability to separate protectable expression from non-protectable expression is, in reality, a question of law or, at the very least, a mixed question of law and fact.” Id. at 920. And this is especially so when, as is often true of these types of eases, the scope of the legally protectable expression at issue may be less than crystal clear.
In my view, there is no reason to revisit our holding in Intervest because Intervest was, and remains, correctly decided.
APPENDIX
*1335 [[Image here]]

. The Seventh Amendment to the United States Constitution provides, “In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law.” U.S. Const. amend. VII.